IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KENNETH WERBACH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Case No. 15-9273-CM** |
| **UNIVERSITY OF ARKANSAS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Kenneth Werbach brings this action pro se, naming as defendants the University of Arkansas ("the University"); and Claretha Hughes, Michael T. Miller, and Carsten Schmidtke (collectively, the "University Officials"). The precise nature of plaintiff's claims is unclear, but he appears to believe that he was treated unfairly by the University and University Officials while he was pursuing a master's degree from the University online. Plaintiff disagreed with one of his grades and asked for a reassessment. The series of events that followed resulted in plaintiff being unable to graduate with a master's degree. Plaintiff claims that defendants violated Titles II and III of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504").

Defendants filed a motion to dismiss (Doc. 12), offering six reasons why the court should dismiss plaintiff's complaint: (1) lack of personal jurisdiction; (2) improper venue; (3) lack of subject matter jurisdiction; (4) naming an improper party; (5) Eleventh Amendment immunity; and (6) failure to state a claim upon which relief can be granted. The court turns first to the question of subject matter jurisdiction. *See Hayes v. Unified Sch. Dist. No. 377*, 877 F.2d 809, 811 (10th Cir. 1989) (addressing jurisdictional exhaustion question before proceeding to the merits of a claim).

-1-

Defendants argue that the ADA requires administrative exhaustion before a plaintiff may file suit, citing *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005). They extend that exhaustion requirement to Section 504 by citing law that applies the exhaustion requirements of the Individuals with Disabilities Education Act ("IDEA") to ADA and Section 504 claims. There are several problems with defendants' arguments. First, the case defendants cite for the ADA exhaustion requirement is in the employment context (relating to Title I of the ADA). Title II and Title III of the ADA, which are the provisions plaintiff relies on, do not require exhaustion. *See Elwell v. Bd. of Regents of the Univ. of Okla.*, 693 F.3d 1303, 1309 (10th Cir. 2012) ("[Title II] lacks the requirement that an otherwise qualified individual exhaust EEOC administrative remedies before bringing suit."); *McInerney v. Rensselaer Polytechnic Inst.*, 505 F.3d 135, 138–39 (2d Cir. 2007) (Title III); *Kortyna v. Lafayette Coll.*, 47 F. Supp. 3d 225, 234 (E.D. Pa. 2014) (Title III). Neither does Section 504 independently require exhaustion of administrative remedies. *Pushkin v. Regents of Univ. of Colo.*, 658 F.2d 1372, 1380–82 (10th Cir. 1981). And the IDEA applies to children. *See* 20 U.S.C. § 1400(d)(1)(A) ("The purposes of this chapter are . . . to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living . . . ."). While plaintiff's complaint does not indicate his age, plaintiff represents in an exhibit attached to his complaint that "he is a "Disabled Vietnam Veteran with a lower back injury [he] sustained as a Crew Chief on the U-2 aircraft in 1974." (Doc. 1-1.) Given these allegations, defendants have not sufficiently demonstrated how the IDEA applies to plaintiff's claims.

Because the court believes that it has subject matter jurisdiction over plaintiff's claims, the court next turns to whether Kansas is the proper venue for plaintiff's claims. Plaintiff did not respond to this argument in response to defendants' motion to dismiss. In his response to defendants'

arguments that the court lacks personal jurisdiction over them, plaintiff states that he filed the lawsuit in Kansas because his harm occurred in Kansas, where he resides. But he does not otherwise respond to defendants' arguments on venue.

> A civil action may be brought in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); *see also Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051, 1058 (D. Kan. 2006). Whether to dismiss a case for improper venue "lies within the sound discretion of the district court." *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998) (citations omitted). But the court gives deference to the plaintiff's choice of forum. *M.K.C. Equip. Co. v. M.A.I.L. Code*, 843 F. Supp. 679, 683 (D. Kan. 1994).

A court, in the interest of justice, may cure improper venue by transferring the case to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *Elec. Realty Assocs., L.P. v. Paramount Pictures Corp.*, 935 F. Supp. 1172, 1177 (D. Kan. 1996). Even when venue is proper, however, federal courts have the option to transfer cases: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see also Black & Veatch Constr., Inc. v. ABB Power Generation*, 123 F. Supp. 2d 569, 580 (D. Kan. 2000). Courts determine whether to transfer a case on "an individualized, case-by-case consideration of convenience and fairness." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (citation and internal quotation marks omitted). To evaluate whether the interests of justice warrant transfer, courts

consider: (1) whether a newly-filed action would be time-barred; (2) the likely merits of the claims; and (3) plaintiff's good faith in filing the original action. *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006).

Plaintiff alleges in his complaint that defendants are Arkansas residents.[1]  Plaintiff resides in Kansas, but was attending the University through online courses.  Although the complaint is not clear, it appears that the University Officials were located in Arkansas, where the physical campus is located.  Administrative processes appear to have taken place there, and plaintiff communicated with University Officials about his situation by telephone and email.  Once defendants raised the venue question, plaintiff assumed the burden to show that venue in Kansas was justified.  He has not, however, met that burden.  Besides that fact that plaintiff lives in Kansas, there is no other tie to Kansas.  The court determines that venue is not proper in Kansas and therefore must decide whether to dismiss or transfer the case.

Defendants argues that dismissal—not transfer—is appropriate because plaintiff's claims lack merit.  Defendants may ultimately be correct.  But by transferring the case, any personal jurisdiction problems are cured.  And defendants have not at this time fully supported their arguments why dismissal is warranted.  As noted above, defendants cited inapplicable law on exhaustion.  Likewise, the court questions defendants' Eleventh Amendment immunity analysis.  Defendants summarily state that ADA claims for damages are barred.  This may be true for Title I claims, but defendants do not address Title II or Title III claims.  If plaintiff sued the wrong party by naming the University instead of the Board of Trustees, that problem is one that is curable by amendment.  And defendants give the court only one paragraph of argument or analysis why the complaint should be dismissed for failure to

---

[1] Plaintiff only clearly alleges that the first- and second-named defendants are Arkansas residents. He does not list the citizenship of the two other defendants (presumably because the form complaint only provides blanks for two defendants), but states that all defendants work at the University, and lists only one address for all defendants—in Fayetteville, Arkansas.

state a claim. They state that the complaint fails to contain any facts at all, but they appear to have overlooked the document attached to the complaint, where plaintiff gives some information about his claims. The court does not have information indicating whether this case would be barred by the statute of limitations if refiled, and it also does not have information suggesting that plaintiff filed the case in bad faith. What the court does have is the strong conviction that it would not be in the interest of justice for the court to research these issues any more than it already has in the absence of proper direction by defendants, or to make arguments that defendants have not made, particularly when plaintiff proceeds pro se.

For these reasons, the court determines that transfer—not dismissal—is the proper remedy at this time. On the motion before the court, defendants have not met their burden of showing that dismissal is warranted.

Finally, plaintiff filed a motion for leave to supplement his response to defendants' motion to dismiss. The belated attempt to respond is not proper, and also includes no information that would change the outcome of this motion. Plaintiff's motion is denied as moot.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Doc. 12) is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file additional information regarding defendants' motion to dismiss (Doc. 26) is denied.

The case is hereby transferred to the United States District Court for the Western District of Arkansas.

Dated this 28th day of June, 2016, at Kansas City, Kansas.

                                             **s/ Carlos Murguia**
                                             **CARLOS MURGUIA**
                                             **United States District Judge**