IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KENNETH EDWARD WERBACH                                               PLAINTIFF

v.                                            No. 5:16-CV-05198

UNIVERSITY OF ARKANSAS, et al.                                    DEFENDANTS

**OPINION AND ORDER**

Before the Court is Defendants' motion (Doc. 50) for summary judgment. Defendants have filed a statement of facts (Doc. 51) and memorandum brief (Doc. 52) in support of their motion. Plaintiff has filed a response (Doc. 53). Plaintiff has not separately filed a response to Defendants' statement of facts. Although Plaintiff is proceeding pro se and his pleadings must be liberally construed, Plaintiff is still expected to be familiar with and abide by procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983). Under the Federal Rules of Civil Procedure and the local rules of this Court, Defendants' statement of facts is deemed admitted. Fed. R. Civ. P. 56(e)(2), W.D. Ark. R. 56.1(c). Pursuant to Rule 56(e)(3), the Court will grant Defendants' motion for summary judgment.

Plaintiff has filed a lawsuit claiming violations of Titles II and III of the Americans with Disabilities Act (ADA) and Sections 503 and 504 of the Rehabilitation Act. Plaintiff has named as Defendants the University of Arkansas and three of its employees—Claretha Hughes, Michael T. Miller, and Carsten Schmidtke. Plaintiff seeks only damages. (Doc. 31, p. 15).

Defendants' argument for dismissal of the University of Arkansas because it is an entity ineligible for suit is rejected. While the appropriate entity to name is probably the Board of Trustees of the University of Arkansas, dismissal on the grounds suggested by Defendants would be an abuse of discretion. *Accord Greenwood v. Ross*, 778 F.2d 448, 451–52 (8th Cir. 1985) ("The

Board of Trustees does not argue that it did not receive notice of appellant's complaint. The Board, having received actual notice of the suit and knowledgeable of the Board's relationship to UALR [University of Arkansas at Little Rock], would know that a suit against UALR was intended as a suit against the Board of Trustees.").

Regardless of the identity of the appropriate entity for suit, however, Plaintiff's claims still must fail. The Court need not reach the majority of Defendants' remaining arguments because, regardless of whether or not sovereign immunity applies, or whether or not any given Defendant qualifies as an entity subject to suit, the facts deemed admitted reveal that no Defendant's conduct was motivated by discriminatory animus on the basis of Plaintiff's disability or perceived disability. (Doc. 51, ¶¶ 11, 12, 20, 26, 31, and 32). Discriminatory animus is a required element of ADA and Rehabilitation Act claims. *See, e.g.*, *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8th Cir. 1999) (ADA Title III discrimination case requires a showing "that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability"); *Id*. at 1029, n.5 (recovery under Rehabilitation Act "imposes a requirement that a person's disability serve as the *sole* impetus for a defendant's adverse action against the plaintiff." (emphasis in original)); *Gorman v. Bartch*, 152 F.3d 907, 912 (8th Cir. 1998) (ADA Title II discrimination case requires a plaintiff to show "that he is a qualified individual with a disability [or perceived disability] denied participation in, or the benefits of, the services, programs, or activities of a public entity *because of his disability*." (emphasis added)). That is, Plaintiff must show that a Defendant's discriminatory action against him was because of Plaintiff's disability or perceived disability. On the undisputed facts, Plaintiff cannot make this showing.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment (Doc. 50) is GRANTED, and this case is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendants' motion to continue (Doc. 54) is DENIED AS MOOT.

Judgment will be entered accordingly.

IT IS SO ORDERED this 14th day of July, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE